52

**Norcott CORBY, Plaintiff–Appellant,**

v.

**Daniel A. SENKOWSKI, Superintendent of Clinton Correctional Facility, L. Turner, Senior Counselor at Clinton Correctional Facility; and Lt. Baldwin, Tier Hearing Officer in Charge at Clinton Correctional Facility, Defendants–Appellees.**

**No. 02–0306.**

United States Court of Appeals, Second Circuit.

May 5, 2004.

Caroline Bartlett, L.A.R. 46(e); Desiree A. DiCorcia, L.A.R. 46(e) (Jon Romberg, Supervising Attorney), Seton Hall University School of Law Center for Social Justice, Newark N.J., for Appellant.

Edward Lindner, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General, on the brief), for Appellees.

Present: STRAUB, POOLER, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Norcott Corby, a New York State inmate, appeals from the decision of the United States District Court for the Northern District of New York dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his civil rights complaint. Corby alleges that his Eighth Amendment rights were violated when defendant prison officials assigned him to work as a porter, a position involving heavy lifting, despite his complaint that he had been injured in an automobile accident, was in pain, continued to receive treatment, and could not lift heavy weights.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues. We affirm because Corby failed to adequately allege the subjective prong of an Eighth Amendment medical indifference claim. Corby acknowledges that defendant Turner told him to obtain medical documentation from the prison doctor and does not claim that he offered documentation from the prison doctor or any other doctor to any prison employee prior to being asked to lift a heavy weight. *See Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that a prison official acts with deliberate indifference when he has "knowledge of a substantial risk of serious harm" and citing as an example of deliberate indifference the official's exposure to documentation concerning the risk).

We therefore affirm the district court's judgment dismissing plaintiff's complaint.